IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM D. DUCKWORTH, #242085, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:10-CV-72-MHT |
| | ) | [WO] |
| | ) | |
| GARY HETZEL, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by William D. Duckworth ["Duckworth"], a state inmate, on January 26, 2010.[1]  In

his petition, Duckworth challenges convictions for sexual torture and second degree

domestic violence imposed upon him pursuant to his guilty pleas by the Circuit Court of

Russell County, Alabama on July 27, 2005.  On the same date, the trial court sentenced

Duckworth to concurrent sentences of twenty years' imprisonment for these convictions.

Duckworth did not file a direct appeal.  Duckworth's sexual torture and domestic violence

---

[1] The Clerk stamped the instant habeas petition "received" on January 28, 2010.  The law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  Duckworth executed the petition on January 26, 2010.  *Petition for Writ of Habeas Corpus Relief - Court Doc. No. 1* at 19.  In light of the foregoing, the court deemed January 26, 2010, the proper date of filing for this case since this is the earliest date Duckworth could have submitted the petition to prison officials for mailing.  All orders entered herein used January 26, 2010, as the date of filing and this date is not disputed by the parties.

convictions therefore became final by operation of law on September 7, 2005.

Pursuant to the orders of this court, the respondents filed answers in which they argue the instant federal habeas petition is barred by the one-year period of limitation applicable to 28 U.S.C. § 2254 petitions. 28 U.S.C. § 2244(d)(1).[2] The respondents contend that because Duckworth's sexual torture and domestic violence convictions became final in 2005 -- after the effective date of the statute of limitations -- Duckworth must have filed his § 2254 petition within a year of his convictions becoming final, exclusive of the time that any properly filed state post-conviction action related to the convictions remained pending in the state courts.  The respondents concede that Duckworth submitted a state post-conviction petition under Rule 32, *Alabama Rules of Criminal Procedure*, accompanied by a request to proceed *in forma pauperis* and requisite inmate account information, to the Circuit Court of Russell County on July 25, 2006.  The parties disagree as to whether this post-conviction petition tolled the federal period of limitation.

Duckworth executed the Rule 32 petition on July 25, 2006, *Respondents' Exhibit A (Vol. I) - Court Doc. No. 11-1* at 77, and it is undisputed that this date is the earliest date on which Duckworth could have submitted the petition to prison officials for mailing.  As previously noted, a pro se inmate's petition is deemed filed in federal cases on the date it is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271-272. "Alabama courts

---

[2] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

have [adopted the mailbox rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to *pro se* Rule 32 petitions filed by inmates in the state courts of Alabama. The respondents, however, argue the state petition was not "properly filed" at the time of submission for mailing because the trial court denied Duckworth leave to proceed *in forma pauperis* and required that he pay the filing fee, which Duckworth accomplished, at the earliest, sometime in October of 2006.  The respondents therefore maintain the appropriate date of filing for Duckworth's Rule 32 petition is the date on which the trial court received total payment of the assessed filing fee.  Duckworth challenges the respondents' arguments and maintains that he properly filed the petition on July 25, 2006.  Duckworth cites *Hyde v. State*, 950 So.2d 344 (Ala.Cr.App. 2006), *aff'd*, *Ex parte Hyde*, 778 So.2d 237 (Ala. 2000), *cert. denied*, *Hyde v. Alabama*, 532 U.S. 907, 121 S.Ct. 1233 (2001), in support of his position.

In *Hyde*, the Alabama Court of Criminal Appeals held that

[a]lthough when read in isolation the last sentence in Rule 32.6(a) – providing that the circuit clerk shall 'file' the petition only after the filing fee

is paid or the circuit court grants the request to proceed in forma pauperis –
suggests that a Rule 32 petition is not deemed filed until the request to
proceed in forma pauperis is granted, we cannot read this sentence in
isolation; we must read it in the context of Rule 32.6(a), including the first
sentence of Rule 32.6(a), which specifically provides that a Rule 32
proceeding is commenced when a petitioner files a petition with the circuit
clerk. Thus, the filing of the petition by the circuit court clerk contemplated
in the last sentence of Rule 32.6(a) is not the filing of the petition that
commences a Rule 32 proceeding for purposes of the limitations period.
[[T]he last sentence of Rule 32.6(a) merely evidences the well-settled rule
that a circuit court has no jurisdiction to rule on a postconviction petition
until the filing fee has been paid or the request to proceed in forma pauperis
has been granted and, thus, that the circuit clerk should not submit the
petition for a ruling until jurisdiction is obtained.]....  A Rule 32 petition is
deemed filed for purposes of the limitations period the date the petition,
accompanied by a request to proceed in forma pauperis, is submitted to the
circuit court...."

950 So.2d at 352-353 (including n.5). "To determine when a state [post-conviction]
petition has been 'properly filed,' [federal courts must] look to the applicable state law
governing the filings." *Taylor v. Williams*, 528 F.3d 847, 850 (11th Cir. 2008); *Dean v.
Secretary for the Dept. of Corrections*, 361 Fed.Appx. 38, 42 (11th Cir. 2010) (federal court
is bound by state procedural rules and state courts' interpretation of these rules when
determining whether a pleading was "properly filed" for purposes of statutory tolling under
28 U.S.C. § 2244(d)(2)). The court therefore concludes that July 25, 2006, is the
appropriate date of filing for Duckworth's Rule 32 petition.

Nevertheless, upon thorough review of the record before the court, it is clear that
even allowing tolling of the federal limitation period during the pendency of the Rule 32

petition, the limitation period expired just prior to Duckworth's filing this federal habeas petition. *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11ᵗʰ Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11ᵗʰ Cir. 2003) (statutory tolling allowed only for the time during which a properly filed state post-conviction action is pending in the state courts).

In this case, the court entered orders advising Duckworth that he failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *Order of March 10, 2010 - Court Doc. No. 12*; *Order of May 11, 2010 - Court Doc. No. 21*. These orders also provided Duckworth an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. In his responses to these orders, Duckworth presented arguments with respect to statutory and equitable tolling of the limitation period during the pendency of his Rule 32 petition.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the present habeas petition is due to be denied as Duckworth failed to file the petition within the applicable one-year period of limitation.

## II. DISCUSSION

5

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or

claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.' *See* 28 U.S.C. § 2244(d)(1)(A)." *Coates v. Byrd*, 211 F.3d 1225, 1226 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001). Where a petitioner during the direct appeal process preserves his right to file a petition for writ of certiorari in the United States Supreme Court by properly appealing his conviction(s) to the state's highest court, the statute of limitations is tolled during the ninety-day period in which this action may be undertaken. Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court).

On July 27, 2005, Duckworth entered guilty pleas before the Circuit Court of Russell County, Alabama to sexual torture and second degree domestic violence, and the

trial court immediately imposed sentences for these convictions. Duckworth did not appeal his convictions. Since Duckworth failed to undertake the direct appeal process, the limitations began to run upon "expiration of the time for seeking [direct] review" of his convictions. 28 U.S.C. § 2244(d)(1)(A). Consequently, Duckworth's sexual torture and domestic violence convictions became final on September 7, 2005 -- forty-two days after imposition of the convictions and sentences as this is the date on which his time to seek direct review expired. Rule 4(b)(1), *Alabama Rules of Appellate Procedure* (notice of appeal must be filed within 42 days of the date of entry of the appealed judgment); *Hunter v. Ferrell*, 587 F.3d 1304, 1306 (11th Cir. 2009) (Petitioner "did not appeal his [Alabama] convictions, which became final [forty-two days after entry of his guilty plea], when the time for filing a direct appeal expired."). The one-year period of limitation contained in section 2244(d)(1)(A) therefore began to run on September 8, 2005.[3]

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Duckworth argues that under applicable state law he properly filed the Rule 32 petition on July 25, 2006, upon delivery of his petition and attached *in forma pauperis* application to prison officials for mailing, and he asserts that tolling of the limitation period

---

[3]In computing the federal period of limitation, one is to "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

is therefore warranted in accordance with the provisions of 28 U.S.C. § 2244(d)(2).[4] Under the circumstances set forth herein and the state appellate court's decision in *Hyde*, this court must agree with Duckworth. Thus, the federal period of limitation began to run on September 8, 2005, and ran for 320 days without interruption until Duckworth filed his Rule 32 petition in the Circuit Court of Russell County, Alabama on July 25, 2006. This state collateral action tolled the running of the federal limitation period while it remained pending in the state courts, from its filing on July 25, 2006, until finality of judgment upon denial of certiorari and issuance of the certificate of judgment by the Alabama Supreme Court on December 11, 2009. *See Lawrence v. Florida*, 549 U.S. 327, 332, 127 S.Ct. 1079, 1083 (2007) (emphasis added) (Section 2244(d)(2) by its express terms "mean[s] that the statute of limitations is tolled only while state courts review the application [for post-conviction relief]. As we stated in *Carey v. Saffold*, 536 U.S. 214, 220, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (internal quotation marks omitted), a state post conviction application 'remains pending' 'until the application has achieved final resolution through the State's postconviction procedures.' This Court is not a part of a 'State's post-conviction

---

[4] Duckworth asserts that if statutory tolling is not appropriate during the pendency of his Rule 32 petition he is nonetheless entitled to equitable tolling from the time he initially sought information from the trial court regarding the amount of the filing fee – that is, August 19, 2006 – until the date the trial court docketed receipt of complete payment of the filing fee – that is, December 14, 2006. As previously determined, *infra* at pp.2-4, Duckworth properly filed his Rule 32 petition on July 25, 2006. He is therefore entitled to statutory tolling of the limitation period from July 25, 2006, until final disposition of this petition by the state courts on December 11, 2009. Consequently, equitable tolling with respect to the issue involving payment of the filing fee would provide no additional relief to Duckworth, as this time is subsumed within the allowed period of statutory tolling.

procedures.'  State review ends when the state courts have finally resolved an application for state postconviction relief. After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open.  And an application for state postconviction review no longer exists.... ***The application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari [in the United States Supreme Court nor during the time a petitioner could file a petition for certiorari with the United States Supreme Court]***."); *Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000) ("[T]he time during which a petition for writ of certiorari is pending, or could have been filed [in the United States Supreme Court], following the denial of collateral relief in the state courts, is not to be subtracted from [, or in other words, is counted towards] the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes."); *Moore v. Crosby*, 182 Fed. Appx. 941 (11th Cir. 2006) ("A state post-conviction motion is 'pending' only as long as the case is in the state courts.... This means that the statute of limitations is not tolled during the ninety-day period in which the petitioner could have sought [United States] Supreme Court review of the denial of his post-conviction motion.").

At the time that the Alabama Supreme Court issued the denial of certiorari in the post-conviction appeal on December 11, 2009, Duckworth had 45 days remaining within

which to timely file a federal habeas petition. The record before this court fails to establish any basis for statutory or equitable tolling of the limitation period after final disposition of Duckworth's Rule 32 petition by the state courts.[5] Consequently, the federal period of limitation began to run again on December 12, 2009, and ran, absent either statutory or equitable tolling, until its expiration on January 25, 2010.

Thus, under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired on January 25, 2010. Duckworth filed the instant petition for federal habeas relief on January 26, 2010. Duckworth has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed.

## III.  CONCLUSION

---

[5] The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (petitioner bears the burden of alleging facts and appropriate evidence that would give rise to equitable tolling ). The United States Supreme Court recently confirmed the AEDPA's one-year period of limitation "is subject to equitable tolling" but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). The record is devoid of any evidence indicating that an "extraordinary circumstance" existed after final disposition of the Rule 32 petition which "prevented" Duckworth from filing a timely habeas action in this court. Instead, based on the similarity of the claims raised in the Rule 32 proceedings, it is clear that Duckworth, acting with reasonable diligence, could have filed his federal habeas petition prior to expiration of the one-year period of limitation.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas relief filed by William D. Duckworth be denied as it was not filed within the one-year period of limitation mandated by 28 U.S.C. § 2244(d)(1).

2.  This case be dismissed with prejudice.

It is further

ORDERED that on or before February 8, 2012, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

DONE, this 25th day of January, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE